PHILLIP A. TALBERT
United States Attorney
AUDREY B. HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:21-cr-207 TLN |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE: SEPTEMBER 8, 2022 |
| JONG EUN LEE, | TIME: 9:00 A.M. |
| | COURT: Hon. TROY L. NUNLEY |
| Defendant. | |

## I. INTRODUCTION

### A. Scope of Agreement.

The indictment in this case charges the defendant with conspiracy to commit bank fraud in violation of 18 U.S.C. §1349. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B. Court Not a Party.

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances

concerning the criminal activities of defendant, including activities which may not have been charged in the indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw her guilty plea, and she will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence she will receive.

## II. DEFENDANT'S OBLIGATIONS

### A. Guilty Plea.

The defendant will plead guilty to count one, bank fraud conspiracy, in violation of 18 U.S.C. § 1349. The defendant agrees that she is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that she will not be allowed to withdraw her plea(s) should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by her in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

### B. Restitution.

The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. Defendant agrees that her conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and agrees to pay the full amount of restitution to all victims affected by this offense, including, but not limited to, the victims covered in the factual basis, victims

covered in those counts to be dismissed as part of the plea agreement pursuant to 18 U.S.C. § 3663A(a)(3), and other victims as a result of the defendant's conduct for the offenses charged from the periods January 2016 and December 2017. The amount of restitution will be $378,735.16.

Restitution payments shall be by cashier's or certified check made payable to the Clerk of the Court. Defendant further agrees that she will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

### C. Fine.

The defendant reserves the right to argue to Probation and at sentencing that she is unable to pay a fine, and that no fine should be imposed. The defendant understands that it is her burden to affirmatively prove that she is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury to the Probation Officer and the government in advance of the issuance of the draft Presentence Investigation Report, along with supporting documentation. The government retains the right to oppose the waiver of a fine. If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered by the Court, up to the statutory maximum fine for the defendant's offense[s].

### D. Special Assessment.

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if she fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, she agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

### E. Violation of Plea Agreement by Defendant/Withdrawal of Plea(s).

If the defendant, cooperating or not, violates this plea agreement in any way, withdraws her plea, or tries to withdraw her plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially

incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice. The government also shall have the right (1) to prosecute the defendant on any of the counts to which she pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement. The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

F.   **Asset Disclosure.**

The defendant agrees to make a full and complete disclosure of her assets and financial condition and will complete the United States Attorney's Office's "Authorization to Release Information" and

"Financial Affidavit" within ten weeks from the entry of the defendant's change of plea, including supporting documentation. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if she fails to complete truthfully and provide the described documentation to the United States Attorney's office within the allotted time, she will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above, above.

### G.  Agreement to Cooperate.

The defendant agrees to cooperate fully with the government and any other federal, state, or local law enforcement agency, as directed by the government. As used in this plea agreement, "cooperation" requires the defendant: (1) to respond truthfully and completely to all questions, whether in interviews, in correspondence, telephone conversations, before a grand jury, or at any trial or other court proceeding; (2) to attend all meetings, grand jury sessions, trials, and other proceedings at which the defendant's presence is requested by the government or compelled by subpoena or court order; (3) to produce voluntarily any and all documents, records, or other tangible evidence requested by the government; (4) not to participate in any criminal activity while cooperating with the government; and (5) to disclose to the government the existence and status of all money, property, or assets, of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the defendant's illegal activities or the illegal activities of any conspirators.

### III.  THE GOVERNMENT'S OBLIGATIONS

### A.  Recommendations.

1.  Reduction of Sentence for Cooperation.

The government agrees to recommend at the time of sentencing that the defendant's sentence of imprisonment be reduced by up to 50% of the applicable guideline sentence if she provides substantial assistance to the government, pursuant to U.S.S.G. § 5K1.1. In the event the calculated guidelines exceed the statutory maximum, any reduction will be calculated off of the statutory maximum. The defendant understands that she must comply with paragraphs II.G and not violate this plea agreement as set forth in paragraph II.E herein. The defendant understands that it is within the sole and exclusive discretion of the government to determine whether the defendant has provided substantial assistance.

The defendant understands that the government may recommend a reduction in her sentence of less than 50% or no reduction at all; depending upon the level of assistance the government determines that the defendant has provided.

The defendant further understands that a motion pursuant to U.S.S.G. § 5K1.1 is only a recommendation and is not binding on the Court, that this plea agreement confers no right upon the defendant to require that the government make a § 5K1.1 motion, and that this plea agreement confers no remedy upon the defendant in the event that the government declines to make a § 5K1.1 motion. In particular, the defendant agrees not to try to file a motion to withdraw her guilty plea based on the fact that the government decides not to recommend a sentence reduction or recommends a sentence reduction less than the defendant thinks is appropriate.

If the government determines that the defendant has provided further cooperation within one year following sentencing, the government may move for a further reduction of her sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

2. Incarceration Range.

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range, plus the application of the mandatory statutory minimum term, as determined by the Court.

3. Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of her offense level if the defendant clearly demonstrates acceptance of responsibility for her conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

B. **Use of Information for Sentencing.**

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate

statements or arguments by the defendant, her attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty:

**18 U.S.C. § 1349**

(1) Beginning on or about January 2016, and ending on or about December 2017, there was an agreement between two or more persons to execute a material scheme and artifice to defraud financial institutions, or to obtain the monies and funds owned by and under the custody and control of financial institutions by means of false and fraudulent representations;

(2) the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

(3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

The following are the elements of bank fraud, which was the object of the conspiracy to which the defendant is pleading guilty:

**18 U.S.C. § 1344(1)**

(1) the defendant knowingly executed a material scheme to defraud a bank as to something of value;

(2) the defendant did so with the intent to defraud a bank; and

(3) the bank was a federally insured financial institution.

The defendant fully understands the nature and elements of the crimes charged in the indictment to which she is pleading guilty, together with the possible defenses thereto, and has discussed them with her attorney.

## V. MAXIMUM SENTENCE

**A. Maximum Penalty.**

The maximum sentence that the Court can impose for bank fraud conspiracy is 30 years of

incarceration, a fine of $1,000,000, a 5 year period of supervised release and a special assessment of $100.

By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count(s) to which she is pleading guilty. The defendant further agrees, as noted above, that she will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

**B.    Violations of Supervised Release.**

The defendant understands that if she violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to an additional three year term of imprisonment.

## VI.    SENTENCING DETERMINATION

**A.    Statutory Authority.**

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B.    Estimated Guideline Calculation.**

The government and the defendant agree that the following is their present best estimate of the sentencing guidelines variables. These estimates shall not be binding on the Court, the Probation Office, or the parties:

1.    Base Offense Level: +7 (U.S.S.G. § 2B1.1)

PLEA AGREEMENT                    8

2. Loss Amount: + 14 ($756,218 intended loss)

3. Means of Identification: +2 (U.S.S.G. §2B1.1(b)(11)). The offense involved Lee's possession and use of five or more means of identification that unlawfully were produced from another means of identification.

4. Minor Role: -2 (U.S.S.G. §3B2.1(b) Lee was less culpable than others who recruited participants into the scheme and created false identification documents, but her participation was not minimal in that she participated in numerous bank bust outs as the individual wielding the false identity documents.

5. Adjusted Offense Level: 21

6. Acceptance of Responsibility: See paragraph III.B.2 above

Departures or Other Enhancements or Reductions:

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except that the government may move for a departure or an adjustment based on the defendant's cooperation (§5K1.1) or post-plea obstruction of justice (§3C1.1).

The defendant may argue for any sentence she deems appropriate under 18 U.S.C. § 3553. The government's remedies and remaining obligations in this agreement shall be as outlined in paragraph II.E, above.

## VII. WAIVERS

### A. Waiver of Constitutional Rights.

The defendant understands that by pleading guilty she is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on her behalf; (f) to confront and cross-examine witnesses against her ; and (g) not to be compelled to incriminate her self.

### B. Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal her guilty plea, conviction, and sentence. The defendant agrees as part of her plea(s), however, to give up the right to

appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum(s) for the offense(s) to which she is pleading guilty. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate her plea(s), dismiss the underlying charges, or modify or set aside her sentence on any of the counts to which she is pleading guilty, the government shall have the rights set forth in Section II.E herein.

### C. Impact of Plea on Defendant's Immigration Status.

Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

## VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

IX. **APPROVALS AND SIGNATURES**

A. **Defense Counsel.**

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 08/16/22

TASHA CHALFANT
Attorney for Defendant

B. **Defendant:**

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 8/16/22

JONG-EUN LEE
Defendant

C. **Court Certified Interpreter/Translator:**

I declare that I am a court certified Korean-English interpreter/translator. On August 16, 22 I read the entire contents of the foregoing plea agreement to Jong Eun Lee, translating the document from English to Korean.

Dated: 8-16-2022

Ted Kim (Ted Kim)
Interpreter/Translator

D. **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

PLEA AGREEMENT                                11

Dated:                                          PHILLIP A. TALBERT
                                               United States Attorney

                                               /s/ Audrey B. Hemesath
                                               AUDREY B. HEMESATH
                                               Assistant United States Attorney

EXHIBIT "A"

Factual Basis for Plea(s)

Between on or about January 2016 and December 2017, Jong Eun LEE was a participant in a nationwide bank account "bust out" scheme centered on kiting checks for the purpose of obtaining cash from financial institutions. The scheme generally operated through the use of participants in the scheme obtaining a real Republic of Korea passport that was altered on the identification page to bear a new photograph and name. With the altered Republic of Korea passports, participants opened accounts at financial institutions, using a small amount of cash. The accounts were left dormant to age. Knowing that banks typically allowed a holder of an aged account to deposit a check and make withdrawals against that check before the check actually cleared, participants in the scheme would obtain cash from the bank by using non-sufficient checks drawn on another financial institution. To promote the bank fraud scheme, participants would access the funds in a victim bank account via the purchase of a money order. Participants would then deposit the money order into another bank account associated with the scheme for purposes of freshening the bank account.

LEE joined the scheme in 2016, when she was introduced to another participant, Kyung Min Kong. LEE worked under Kong, and with co-conspirator Bon Soke Hong and others, throughout 2016 and 2017, to submit false Republic of Korea passports to banks in order to open bank accounts used in the bust out scheme. For example, on June 12, 2016, Lee was encountered by local law enforcement at a Wells Fargo branch in Monterey, California. The bank reported that LEE had attempted to open an account using a fraudulent Republic of Korea passport in the name of Bang Sil Lee. When confronted by bank employees, LEE immediately left the premises.

LEE conducted transactions—either withdrawing cash or opening bank accounts or seasoning those accounts—on 19 bank accounts or mailboxes opened in furtherance of the scheme. The scheme was operated both within the Eastern District of California and elsewhere. At the time of the scheme the deposits of Wells Fargo and other banks LEE schemed to defraud were insured by the Federal Deposit Insurance Corporation.

LEE's bust-out activity resulted in an actual loss of $378,735.16 to the banks, and an intended loss of $756,218 based on additional, unsuccessful bust-out attempts.

Dated: 8/16/22

_____
JONG EUN LEE
Defendant

I declare that I am a court certified Korean-English interpreter/translator. I read Attachment A to Jong Eun Lee, translating the document from English to Korean.

Dated: 8-16-2022

_____(Ted Kim)
Interpreter/Translator

PLEA AGREEMENT                                    A-1